To Be Submitted

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Docket No. 26-15

JOSEPH ROMANO,

*Petitioner*,

-against-

UNITED STATES OF AMERICA,

*Respondent.*

ON MOTION FOR LEAVE TO FILE A SECOND OR SUCCESSIVE
MOTION UNDER 28 U.S.C. § 2255 IN THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

THE GOVERNMENT'S OPPOSITION TO ROMANO'S MOTION FOR
PERMISSION TO FILE A SUCCESSIVE SECTION 2255 PETITION

MICHAEL DIGIACOMO,
*United States Attorney*,
*Western District of New York*
138 Delaware Ave.
Buffalo, New York 14202
(716) 843-5700

SUSAN CORKERY,
AMANDA MUROS-BISHOFF,
*Assistant United States Attorneys*,
    (*Of Counsel*).

i

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................ii

PRELIMINARY STATEMENT.................................................... 1

STATEMENT OF FACTS ........................................................... 3

    I.    Romano's Criminal Convictions and Sentences ..................... 3

    II.    The Section 2255 Petitions ..................................................... 4

ARGUMENT - ROMANO'S MOTION FOR LEAVE TO
        FILE A SUCCESSIVE SECTION 2255
        PETITION SHOULD BE DENIED ................................. 6

    I.    Applicable Law......................................................................... 6

    II.    Discussion................................................................................. 9

CONCLUSION ....................................................................... 16

ii

# TABLE OF AUTHORITIES

Page

## CASES

*Bousley v. United States,*
523 U.S. 614 (1998) ..................................................................... 8

*Forbes v. United States,*
121 F.4th 1013 (2d Cir. 2024) ............................................... 15

*Haouari v. United States,*
510 F.3d 350 (2d Cir. 2007) ..................................................... 8

*Herrera-Gomez v. United States,*
755 F.3d 142 (2d Cir. 2014) .................................... 7, 11, 13

*Hizbullahankhamon v. Walker,*
255 F.3d 65 (2d Cir. 2001) .................................................... 12

*Mata v. United States,*
969 F.3d 91 (2d Cir. 2020) .................................................... 12

*United States v. Pitcher,*
559 F.3d 120 (2d Cir. 2009) ............................................ 8, 13

*United States v. Romano,*
630 F. App'x 56 (2d Cir. 2015) ........................................ 3, 14

*United States v. Velazquez,*
197 F. Supp. 3d 481 (E.D.N.Y 2016) .......................... 10, 12

*Yick Man Mui v. United States,*
614 F.3d 50 (2d Cir. 2010) ...................................................... 9

iii

## STATUTES

18 U.S.C. § 3500.................................................................................10

28 U.S.C. § 2244...................................................................................8

28 U.S.C. § 2244(b)(3)(C)......................................................................8

28 U.S.C. § 2255.......................................................................... passim

28 U.S.C § 2255(e) ...............................................................................9

28 U.S.C §§ 2255(f)(1)-(4) .....................................................................6

28 U.S.C § 2255(h)(1)...............................................................2, 11, 13

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Docket No. 26-15

JOSEPH ROMANO,

*Petitioner,*

-against-

UNITED STATES OF AMERICA,

*Respondent.*

ON MOTION FOR LEAVE TO FILE A SECOND OR SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255 IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

THE GOVERNMENT'S OPPOSITION TO ROMANO'S MOTION FOR PERMISSION TO FILE A SUCCESSIVE SECTION 2255 PETITION

PRELIMINARY STATEMENT

Petitioner Joseph Romano moves pro se for leave to file a

successive petition on the basis of purported newly discovery evidence,

2

pursuant to 28 U.S.C. § 2255(h)(1).[1]  Romano's motion is procedurally barred, however, because it was not filed within one year of the date on which the facts supporting this claim could have been discovered through the exercise of due diligence.  Indeed, each piece of evidence Romano characterizes as "newly discovered" has been part of the record before the district court since between 2012 and 2016.  Further, that Romano was subject to administrative measures during imprisonment is an insufficient reason to excuse his failure to comply with the filing requirements.  And, in any case, the mischaracterized evidence fails, on the merits, to pass the governing gatekeeping test.  Accordingly, Romano's motion for leave to file a successive petition should be denied.

---

[1]  Due to the prior recusal of the United States Attorney for the Eastern District of New York in this matter, this opposition is being submitted to this Court on behalf of the United States Attorney for the Western District of New York.

## STATEMENT OF FACTS

I.    Romano's Criminal Convictions and Sentences

On September 28, 2010, Romano pled guilty in the United States District Court for the Eastern District of New York to conspiracy to commit mail and wire fraud for his role in a multimillion-dollar coin fraud scheme.  *See United States v. Romano,* No. 09-CR-170 (EK) (VMS), 2022 WL 2666914, at \*1 (E.D.N.Y. Jul. 11, 2022); (DE:227).[2]   On February 9, 2012, the district court sentenced Romano to 180 months' imprisonment, three years' supervised release with special conditions, restitution, and a $100 special assessment.  (DE:520).

Thereafter, Romano conspired to mutilate and murder the presiding United States District Judge and prosecuting Assistant United States Attorney in his coin fraud case.  *See United States v. Romano*, 630 F. App'x 56, 58-60 (2d Cir. 2015) (summary order).  Following a jury trial in January 2014, Romano was convicted of two counts of conspiring to

---

[2]    "DE" refers to docket entries in Romano's coin fraud case, *United States v. Romano*, No. 09-CR-170 (E.D.N.Y). "2-DE" refers to docket entries in Romano's murder conspiracy case, *United States v. Romano*, No. 12-CR-691 (E.D.N.Y.). "A-DE" refers to docket entries in this matter.

4

murder an employee of the United States and sentenced to concurrent terms of life imprisonment. *Id.* This Court affirmed his conviction on direct appeal. *Id.*

## II.    The Section 2255 Petitions

On October 7, 2016, Romano timely filed his first petition, alleging ineffective assistance of trial counsel. *See United States v. Romano*, No. 12-CR-691 (JFK), 2026 WL 27192, at *1 (E.D.N.Y Jan. 5, 2026); (*see also* 2-DE:210). On August 20, 2018, the district court denied the petition because Romano failed to establish his counsel's ineffectiveness. (*See* 2-DE:231).

Next, Romano filed a series of unsuccessful motions challenging the denial of that petition, a motion for reconsideration, and an application for a certificate of appealability. *See Romano*, 2026 WL 27192, at *1 (summarizing the procedural history).

On January 4, 2019, before the district court and this Court had ruled on his motions challenging the denial of the first petition, Romano filed a second petition. (2-DE:247). On May 9, 2019, this Court ordered the district court to treat the January 2019 petition as a motion to amend the first petition. (2-DE:254). In September 2019 and

5

thereafter, Romano filed supplements to his second petition. On August 22, 2022, the district court denied Romano's second petition, both as untimely and on the merits, and declined to issue a certificate of appealability accordingly. (*See* 2-DE:287). Romano purported to appeal and, on June 1, 2023, this Court treated the appeal as a motion for a certificate of appealability, denied the motion, and dismissed the appeal. *Romano v. United States*, 22-2224, 2023 WL 6379739 (2d Cir. June 1, 2023); (2-DE:288, 291).

On September 23, 2025, Romano filed this third motion, which, on January 5, 2026, the district court transferred to this Court. (2-DE:296, 298). Next, on May 26, 2026, Romano amended his third petition, explicitly withdrawing his claim alleging the violation of a constitutional right and substituting in a claim of newly discovered evidence. (A-DE:41 at 28). Specifically, Romano cited four documents (*id*. at 10-13), three of which are in fact part of the district court record in his conspiracy to murder case, and the fourth which is part of the district court record for an unrelated criminal matter resolved years before Romano filed this petition.

6

## ARGUMENT

## ROMANO'S MOTION FOR LEAVE TO FILE A
## SUCCESSIVE SECTION 2255 PETITION SHOULD BE DENIED

I.    Applicable Law

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a motion for relief pursuant to 28 U.S.C. § 2255 is subject to a one-year period of limitation:

> The limitation period shall run from the latest of—(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C §§ 2255(f)(1)-(4).[3]  This Court is

> required to deny authorization to pursue any successive § 2255 motion, unless it contains a new claim based on: (1) newly discovered evidence that,

---

[3]    Unless otherwise noted, quotations omit citations, internal quotation marks, and footnotes and adopt all alterations.

> if proven and viewed in light of the evidence as a
> whole, would be sufficient to establish by clear and
> convincing evidence that no reasonable factfinder
> would have found the movant guilty of the offense;
> or (2) a new rule of constitutional law, made
> retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable.

*Herrera-Gomez v. United States,* 755 F.3d 142, 145 (2d Cir. 2014).

Evidence is not newly discovered for Section 2255 purposes if it was known to the petitioner at the time the previous motion was made or during the pendency of the underlying criminal case. *Id.* at 147. Further, evidence is not newly discovered if the movant could have obtained it in a timely manner through the exercise of due diligence, and "movants are required to act with due diligence in investigating and presenting their claims based on newly discovered evidence." *Id.* Accordingly, a petitioner moving for leave to file a successive Section 2255 petition must demonstrate that they "could not have discovered this information through the exercise of due diligence prior to the filing of his first § 2255 motion." *Id.* at 148.

In performing its gatekeeping function, as relevant here, this Court must decide if a "petitioner has proffered: (1) newly discovered evidence (2) that, if proven and viewed in light of the evidence as a whole,

8

would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." *Haouari v. United States*, 510 F.3d 350, 352-53 (2d Cir. 2007). A Court of Appeals "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements" of 28 U.S.C. § 2244. 28 U.S.C. § 2244(b)(3)(C). The standard is "not a particularly high" one; a petitioner "need only show a sufficient likelihood of satisfying the strict standards of § 2255 to warrant a fuller exploration by the district court." *Haouari*, 510 F.3d at 353. "Nevertheless, the evidence offered by a petitioner in a § 2255 application must enable the panel, as gatekeepers, to certify that the application satisfies *all* of the requirements of the statute." *Id.* at 353.

Finally, "a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." *United States v. Pitcher*, 559 F.3d 120, 123 (2d Cir. 2009). If a claim was not raised on direct appeal, a petitioner must demonstrate either "cause" for failure to raise the claim and "actual prejudice" or "that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also*

9

28 U.S.C § 2255(e). This Court precludes "re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010).

II.     Discussion

Romano's argument that his motion should be considered based on newly discovered evidence must fail. His motion is both untimely and utterly baseless, and it should be denied accordingly.

Romano's primary claim is that Gerald Machacek, a government cooperator who testified at Romano's trial, was an unreliable witness. He bases that claim on an unrelated case in which the defendant, Adam Velazquez, secured a new trial based on ineffective assistance of counsel. (A-DE:41). In ordering the new trial, the district court made passing reference to the fact that Machacek (who did not testify in that case) was unable to identify the Velazquez in three photo arrays; the court found this point relevant when assessing the testimony of a different government witness who claimed to have positively identified Velazquez. (A-DE:41 at 36).

10

Romano alleges that the district court's decision in that case—*United States v. Velazquez*, 197 F. Supp. 3d 481 (E.D.N.Y. June 24, 2016)—constitutes newly discovered evidence warranting relief. (A-DE:41 at 10-11). Romano further alleges that evidence he previously received relating to his murder conspiracy trial morphed into "newly discovered" evidence after the 2016 decision in *Velazquez*. (*Id.*). That evidence includes: 1) Machacek's cooperation and testimony at Romano's trial in January 2014; and 2) a letter written by Machecek to his attorney which, by Romano's own admission, the government produced to Romano on August 5, 2012, pursuant to 18 U.S.C. § 3500, and which Romano attempted to admit at his trial. (*Id.*).

None of these items is "newly discovered" evidence; each was either previously disclosed to Romano or has been part of the public record for 10 years or longer. Romano admitted that he has known about the Machacek letter since it was disclosed to him by the government in August 2012: "The letter is not independently newly discovered." (A-DE:41 at 13). Further, Romano has obviously known about Machacek's cooperation and testimony since—at the latest—his own trial in January 2014. Finally, the published decision in *Velazquez* has been

11

publicly available since June 2016: "The photo-array failures were established at an April 7, 2014 hearing, and the judicial finding was issued June 24, 2016." (A-DE:41 at 10-11). Therefore, since each of these items was either known to Romano or publicly available for many years, Romano cannot prove they are newly discovered.

Furthermore, Romano has not proffered any valid reason for the nearly 10-year delay in raising this claim and, thus, cannot prevail under Section 2255(h)(1). *See Herrera-Gomez*, 755 F.3d at 147 (finding that because petitioner admitted he discussed the issue of blood alcohol minimum with his attorney during the pendency of his criminal case, he knew about the issue prior to his plea and conviction; his discovery of a more recent press release about the issue did not make the evidence "new" within the meaning of Section 2255(h)(1)).

Romano attributes the inordinate delay to restrictive prison administrative measures imposed on him. (A-DE:41 at 14-16). But these constraints do not justify the 10-year delay in bringing his claim. Romano knew about the documents related to his trial prior to his conviction. Therefore, Romano was also aware of the documents before the administrative measures were imposed following his conviction and

12

before discovery was removed after he violated the protective order. The district court decision in *Velazquez* was published on June 14, 2016. *See* 197 F. Supp. 3d 481. Accordingly, the decision was available at that time to Romano and any member of the public, including Romano's wife who—as he highlights often—assists Romano with his legal claims. (*See, e.g.,* A-DE:41 at 15, 16).[4] That Romano elected to defer this filing in order to compile an allegedly "complete evidentiary package," requiring "discover[y], assembl[y], authenticat[ion], and present[ation] in usable form" (A-DE:41 at 29), is not a valid legal reason for a delay of nearly a decade. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 75-76 (2d Cir. 2001) (holding a 22-day denial of access to prison library could not trigger tolling of one-year limitation period since it did not prevent option of filing timely).

In sum, Romano's claim that these items are newly discovered evidence and could not have been discovered earlier has no merit. *See Mata v. United States*, 969 F.3d 91, 94 (2d Cir. 2020) (denying motion for

---

[4] In fact, as explained below, Romano featured the *Velazquez* decision in his previous, unsuccessful petition.

13

leave to file successive Section 2255(h) petition in part because petitioner failed to show that he could not have discovered information about his attorney's alleged shortcomings through the exercise of due diligence prior filing his first Section 2255 motion); *Herrera-Gomez*, 755 F.3d at 147-48 (denying motion for leave to file successive Section 2255 petition in part because petitioner's claim purported to rely on "new evidence" but petitioner "failed to demonstrate that he exercised due diligence in his search for that evidence and its submission to court"). This Court can therefore deny Romano's motion on timeliness grounds alone.

Romano's challenges to the evidence introduced at trial and Machacek's credibility also cannot be raised in a successive Section 2255(h)(1) petition because they could have been raised on direct appeal or in a timely Section 2255 petition. As the district court noted in its decision transferring this matter, "[i]n his third motion, Romano now asserts many arguments that have been raised and rejected before." (2-DE:298 at 4). Such arguments cannot be considered again here. *See Pitcher*, 559 F.3d at 123. Indeed, Romano's reliance on the *Velazquez* ruling and Machacek's overall reliability was expressly rejected by the

14

district court in denying his second petition, *see* 2-DE:248 at 15-16,[5] after which this Court denied Romano's bid for a certificate of appealability, *see Romano*, 2023 WL 6379739, at *1; (2-DE:291).  It is plainly improper for Romano to use a successive Section 2255 petition to attempt to relitigate matters that have already been decided.  Accordingly, since the issue related to the Velazquez decision was squarely resolved in the second petition, that ruling affords yet another reason why this application should fail.

Finally, there was overwhelming evidence beyond Machacek's testimony about an unrecorded conversation with Romano to support Romano's conviction for conspiracy to murder the District Judge and the Assistant U.S. Attorney.  The jury heard recorded conversations in which Romano planned the murders.  An undercover law enforcement officer also testified that he negotiated with—and received payment from—Romano to murder the District Judge and the Assistant U.S. Attorney and assault another individual.  *See Romano*, 630 F. App'x at 58.  Romano

---

[5]     As the district court found, "Romano's claim regarding [Machacek's] credibility appears to be based on a misinterpretation of a June 24, 2016 Opinion issued by Judge Bianco."  (2-DE:287 at 15).

15

also admitted to law enforcement that the murder plot was his idea. *Id.* at 60. And this Court, on direct appeal, found that the evidence disproving Romano's defense of entrapment was "overwhelming." *Id.*

Consequently, even if Machacek's failure to identify a defendant in an unrelated criminal matter were newly discovered evidence, Romano cannot demonstrate that this evidence would be sufficient to establish, clearly and convincingly, that no reasonable factfinder would have found Romano guilty. *Forbes v. United States*, 121 F.4th 1013, 1016-17 (2d Cir. 2024) (denying motion for leave to file successive Section 2255(h) petition, in part because petitioner failed to identify "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."). Thus, even if Romano's motion were timely, it would still fail on the merits.

16

## CONCLUSION

For the reasons stated above, Romano's motion for leave to file a successive Section 2255 petition based upon newly discovered evidence should be denied.

Dated:     Brooklyn, New York
           July 22, 2026

                               Respectfully submitted,

                               MICHAEL DIGIACOMO,
                               *United States Attorney,*
                               *Western District of New York.*

                   By:   /s/ Amanda Muros-Bishoff
                               Amanda Muros-Bishoff
                               Assistant U.S. Attorney


SUSAN CORKERY,
AMANDA MUROS-BISHOFF,
*Assistant United States Attorneys,*
       (*Of Counsel*).

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because the brief contains 2,734 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated:   Brooklyn, New York
         July 22, 2026

/s/ SUSAN CORKERY
SUSAN CORKERY
Assistant U.S. Attorney

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

ROMANO

v.

UNITED STATES

**CERTIFICATE OF SERVICE***

Docket Number(s): 26-15

I, _____Wendell Bennett_____ , hereby certify under penalty of perjury that on
(print name)

_____July 23, 2026_____ , I served two copies of **the Government's Opposition**
(date)

**to Romano's Motion For Permission to File a Successive Section 2255 Petition.**
(list all documents)

by (select all applicable)**

☐ Hand/Personal Delivery      ☑ United States Mail      ☐ Federal Express or other Overnight Courier

☐ Commercial Carrier      ☐ E-mail (on consent)      ☐ Facsimile

on the following parties:

Joseph Romano (Regsiter No.: 72247-053) USP FLORENCE ADMAX U.S. PENITENTIARY P.O. BOX 8500 FLORENCE, CO 81226

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

_____Jul 22, 2026_____
Today's Date

_____/s/_____
Signature